Stephen Z. Starr
Vildan E. Starr
STARR & STARR, PLLC
260 Madison Ave., 17th Floor
New York, New York 10016
tel. (212) 867-8165
fax. (212) 867-8139

Attorneys for Canon Financial Services, Inc.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
                                              :

In re:                               :           Chapter 7

MORGAN & FINNEGAN L.L.P.      :           Case No. 09-11203 (RDD)

                Debtor.      :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**STIPULATION & AGREED ORDER CONFIRMING (I) ABSENCE OF AUTOMATIC STAY WITH RESPECT TO CERTAIN EQUIPMENT; AND (II) CANON FINANCIAL SERVICES, INC.'S WAIVER OF ADMINISTRATIVE EXPENSE CLAIM**

This stipulation and agreed order is entered into as of June 25, 2010, between Cannon Financial Services, Inc. ("Canon"), by its undersigned counsel and Roy Babitt, chapter 7 trustee (the "Trustee") of the estate of Morgan & Finnegan L.L.P. (the "Debtor"), by his undersigned counsel, with respect to the following facts:

WHEREAS, on March 17, 2009 (the "Petition Date"), the Debtor filed a voluntary chapter 7 petition with this Court commencing the above-captioned case.

WHEREAS, on March 18, 2009, Roy Babitt, Esq. was appointed chapter 7 trustee (the "Trustee") of the Debtor's estate and continues to serve in such capacity.

WHEREAS, subsequent to the Petition Date the Debtor did not continue operating as a law firm and the Trustee has not continued to operate the business of the Debtor.

WHEREAS, the Debtor was a party to certain leases (the "Leases") with Canon of photocopiers, scanners and related equipment (the "Equipment") prior to the Petition Date.

WHEREAS, the Leases were not assumed by the Trustee within 60 days of the Petition Date, and the 60-day period for assumption or rejection was not extended by the Bankruptcy Court.

WHEREAS, pursuant to section 365(d)(1) of the Bankruptcy Code the Leases were deemed rejected on or about May 17, 2009.

WHEREAS, Canon asserts that the provisions of section 365(p)(1) of the Bankruptcy Code are applicable to the Equipment.

WHEREAS, on May 5, 2009, Canon filed a proof of claim (the "Proof of Claim") asserting a secured claim in the amount of $73,401.06, an administrative expense claim pursuant to 11 U.S.C. § 507(a)(2) in the amount of $8,508.07, and an unsecured nonpriority claim in the amount of $162,260.30.

WHEREAS, Canon has agreed to waive any administrative expense claim against the Debtor, its estate and the Trustee.

WHEREAS, on June 4, 2010, Canon, through its undersigned counsel, filed and served the *Motion of Canon Financial Services, Inc. for an Order Granting (I) Relief from the Automatic Stay Pursuant to 11 U.S.C. §§ 362(d)(1)-(2); and (II) Related Relief* (the "Motion"), which is returnable on July 2, 2010.

NOW THEREFORE, it is hereby stipulated and agreed by and between the Canon and the Trustee, as follows:

1. The recitals contained in this Stipulation and Agreed Order are materially true and correct.

2. This Stipulation shall be effective once executed by the parties through their undersigned counsel.

3. Any administrative claim of Canon as against the Trustee, the Debtor, and the Debtor's estate arising out of the Leases and related to the Equipment shall be and hereby is waived and disallowed, including, but not limited to the administrative expense claim in the amount of $8,508.07 contained in the Proof of Claim.

4. The provisions of section 365(p)(1) of the Bankruptcy Code are applicable to the Equipment and (a) the automatic stay under section 365(a) was automatically terminated as a result thereof, and (b) the Equipment is not property of the Debtor's estate as a result thereof.

5. The Motion is resolved pursuant to this Stipulation and shall be deemed withdrawn.

6. This Stipulation shall not be deemed to waive or relinquish any claims of Canon with respect to any third parties.

7. This Stipulation and Agreed Order may be signed in counterpart originals and delivered by facsimile, which, when fully executed shall constitute a full and original agreement for all purposes.

[SPACE BELOW INTENTIONALLY LEFT BLANK]

**AGREED**:

                    STARR & STARR, PLLC

                    By: /s/ Stephen Z. Starr
                        Stephen Z. Starr
                        Vildan E. Starr
                   260 Madison Ave., Fl. 17
                   New York, NY 10017
                   Telephone: (212) 867-8165
                   Facsimile: (212) 867-8139

                   Attorneys for Canon Financial Services, Inc.

                   ARENT FOX LLP

                   By: /s/ Jeffrey D. Vanacore
                        Schuyler G. Carroll
                        Jeffrey D. Vanacore
                   1675 Broadway
                   New York, NY 10019
                   Telephone: (212) 484-3900
                   Facsimile: (212) 484-3990

                   Attorneys for Roy Babbit, Esq., chapter 7 trustee of the estate of Morgan & Finnegan L.L.P.

**SO ORDERED**:

Dated: White Plains, New York
       July 1, 2010

                   /s/Robert D. Drain
                   HONORABLE ROBERT R. DRAIN
                   UNITED STATES BANKRUPTCY JUDGE