WINDELS MARX LANE & MITTENDORF, LLP
*Successor Attorneys for Roy Babitt, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorney appearing: Alan Nisselson (anisselson@windelsmarx.com)

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>    Morgan & Finnegan L.L.P.,<br><br>                              Debtor. | Chapter 7<br><br>Case No. 09-11203 (RDD) |

### STIPULATION TOLLING THE STATUTE OF LIMITATIONS

IT IS HEREBY STIPULATED AND AGREED, by and between Roy Babitt (the "Trustee"), as trustee for the Chapter 7 estate of Morgan & Finnegan L.L.P. ("M&F"), by his undersigned successor counsel, Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), on the one hand, and BFP Tower C Co. LLC ("BFP") by its undersigned counsel, Fried, Frank, Harris, Shriver & Jacobson LLP ("Fried Frank"), on the other hand, as follows:

1. M&F was an intellectual property boutique law firm based in New York City. It was one of the oldest intellectual property law firms in the country, providing intellectual property litigation, patent and trademark prosecution and intellectual property counseling and advice.

2. In or around December 2003, M&F entered into a twenty year lease with BFP (the "Lease") for the entire 20th and 21st floors of Three World Financial Center, New York, New York 10285 (the "Premises").

3. On or about February 11, 2009, M&F and BFP entered into a lease termination agreement (the "Lease Termination Agreement").

4. On March 17, 2009 (the "Petition Date"), M&F filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

5. Roy Babitt was appointed interim trustee of the estate by the United States Trustee pursuant to Bankruptcy Code § 701(a) and (c), and he has since qualified and is serving as permanent trustee pursuant to Bankruptcy Code § 702 (d).

6. Upon application of Roy Babitt and by Order dated April 30, 2009, the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") approved the Trustee's employment and retention of Arent Fox, LLP ("Arent Fox") as his counsel.

7. The Trustee subsequently retained Windels Marx as successor counsel to replace Arent Fox as his counsel pursuant to the Bankruptcy Court's Order dated August 19, 2010.

8. The Trustee asserts that he has or may have avoidance claims (as preferential or fraudulent transfers) against BFP for payments, transfers of any of M&F interests in property, and/or obligations made and/or incurred by M&F, directly or indirectly, to and/or for the benefit of BFP in connection with the Lease and/or the Termination Agreement (collectively the "Avoidance Claims") and may wish to commence an action in connection therewith (the "Avoidance Action"). BFP does not admit or concede the validity of any Avoidance Claims.

9. The Trustee is required, pursuant to section 546(a) of the Bankruptcy Code, to file certain actions to avoid initial transfers of property by M&F within two years of the entry of the order for relief (the "Filing Deadline") or such actions may be time-barred.

10. The Trustee and BFP believe that it is in their mutual best interests to enter into a tolling agreement, to permit the parties to exchange information and otherwise seek to amicably resolve issues related to the Avoidance Action.

11. Accordingly, the running of any applicable limitations period (including without limitation, the time period set forth in section 546(a) of the Bankruptcy Code, and any applicable statute of limitations, including the Filing Deadline), with respect to the Avoidance Action is and shall be tolled for a period of 60 days, through and including May 16, 2011 (the "Tolling Period").

12. The Tolling Period shall be excluded from any computation of time for purposes of any time-based argument or time-based defense based on statutes of limitations, laches, estoppel, waiver, and any other time-based defense or right in an action to avoid and/or recover the transfers made directly or indirectly from M&F. Any such time-based defense is hereby specifically waived in connection with the filing of the Avoidance Action by the Trustee during the Tolling Period. The Avoidance Action, if commenced by the Trustee during the Tolling Period, shall be deemed to have been commenced on March 10, 2011 (the date of this Stipulation).

13. This document may be introduced as evidence of tolling in the Avoidance Action against BFP for any Avoidance Claims tolled in paragraph 8 above.

14. Nothing herein shall be deemed as any admission of wrongdoing, liability or culpability of any kind by BFP. In addition, except with respect to time-based elements addressed herein, nothing in this Stipulation shall be deemed, asserted or construed to constitute waiver of any defense or matter (other than untimeliness) that BFP may raise in response to the Avoidance Action. This Stipulation does not affect any time-based defense that may have arisen prior to the date of this Stipulation.

15. It is the intent of the parties that this Stipulation and the tolling contemplated hereby shall not impair, diminish or eliminate any jurisdiction of the Bankruptcy Court, to the extent that it has such jurisdiction as of the Filing Deadline, to adjudicate any claim, action or

proceeding relating to or arising out of the Avoidance Claims. In particular, the parties understand, and the Bankruptcy Court by approving this Stipulation determines, that section 546(a) of the Bankruptcy Code constitutes a true statute of limitations which may be tolled by agreement of the parties.

16. This Stipulation constitutes the complete expression of the agreement of the parties hereto concerning the subjects covered herein, and any prior oral or written statements concerning its subject are merged herein for all purposes and are of no further force and effect.

17. No modification of, or amendment to, this Stipulation shall be valid unless in writing and signed by the parties.

18. All notices under this Stipulation shall be provided as follows:

<u>As to the Trustee</u>:

Alan Nisselson, Esq.
Windels Marx Lane & Mittendorf, LLP
156 West 56th Street
New York, NY 10019

<u>As to BFP Tower C Co. LLC</u>

Janice Mac Avoy, Esq.
Fried, Frank, Harris, Shriver & Jacobson LLP
One New York Plaza
New York, NY 10004

19. This Stipulation shall be governed by and construed in accordance with the laws of the State of New York.

20. Upon its execution by all parties or their undersigned counsel, the Trustee will promptly submit this Stipulation to the Bankruptcy Court to be "So Ordered" or entered as an order on the Bankruptcy Court's docket. Pending the Bankruptcy Court's consideration and review of the Stipulation, BFP acknowledges and agrees that:

(i) this Stipulation shall have the same force and effect as if "So Ordered" by the Bankruptcy Court and entered on the Bankruptcy Court's docket; and

(ii) BFP will not contest, dispute or challenge the binding effect and validity of this Stipulation, whether or not the Stipulation is So Ordered by the Court.

21. This Stipulation may be executed in any number of counterparts and by the parties hereto in separate counterparts, each of which when so executed shall be deemed to be an original and all of which taken together shall constitute one and the same document.

22. The parties irrevocably consent to the exclusive jurisdiction of the Bankruptcy Court with respect to any dispute concerning this Stipulation.

Dated: New York, New York
       March 10, 2011

*/s/ Alan Nisselson*
**WINDELS MARX LANE & MITTENDORF, LLP**
Alan Nisselson (anisselson@windelsmarx.com)
156 West 56th Street
New York, New York 10019
Telephone: (212) 237-1000
Facsimile: (212) 262-1215

*Successor Counsel for Roy Babitt, Chapter 7 Trustee*

Dated: New York, New York
March 10, 2011

/s/ Janice Mac Avoy
**FRIED, FRANK, HARRIS, SHRIVER & JACOBSON LLP**
Janice Mac Avoy, Esq.
(janice.macavoy@friedfrank.com)
One New York Plaza
New York, New York 10004
Telephone: (212) 859-8182

*Counsel for BFP Tower C Co. LLC*

IT IS SO ORDERED in White Plains, New York, this 14th day of March, 2011

/s/Robert D. Drain
UNITED STATES BANKRUPTCY JUDGE