WINDELS MARX LANE & MITTENDORF, LLP
*Successor Attorneys for Roy Babitt, Chapter 7 Trustee*
156 West 56th Street
New York, New York 10019
(212) 237-1000

Attorneys appearing: Alan Nisselson (anisselson@windelsmarx.com)

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re<br><br>　　Morgan & Finnegan L.L.P.<br><br>　　　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 09-11203 (RDD) |

**APPLICATION UNDER BANKRUPTCY CODE § 327(a) AND BANKRUPTCY RULE 2014 FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ENCORE DISCOVERY SOLUTIONS, INC. AS ELECTRONIC DATA PRESERVATION AND RECOVERY CONSULTANT TO THE CHAPTER 7 TRUSTEE**

**TO THE HONORABLE ROBERT D. DRAIN,
UNITED STATES BANKRUPTCY JUDGE:**

　　　　Roy Babitt, Trustee for the chapter 7 estate of Morgan & Finnegan L.L.P. (the "Debtor"), by his undersigned successor counsel, Windels Marx Lane & Mittendorf, LLP ("Windels Marx"), respectfully submits this application (the "Application") under § 327(a) of title 11, United States Code, 11 U.S.C. §§ 101 *et seq*. (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rule" or "Rules"), for an order authorizing his retention and employment of Encore Discovery Solutions, Inc. ("Encore" or the "Firm") as his electronic data preservation and recovery consultant. In support of this Application, the Trustee respectfully represents as follows:

**JURISDICTION, VENUE AND STATUTORY BASES FOR RELIEF**

　　　　1.　　This Court has jurisdiction over this Application pursuant to 28 U.S.C §§ 157 and 1334 and the Standing Order of Referral of Cases to Bankruptcy Court Judges of the District

{10635798:1}

Court for the Southern District of New York dated July 10, 1984 (Ward, Acting C.J.). This is a core proceeding pursuant to 28 U.S.C § 157(b). Venue of this case and proceeding is proper in this district pursuant to 28 U.S.C §§ 1408 and 1409. The relief sought in this Application is based upon Bankruptcy Code § 327(a) and Bankruptcy Rule 2014.

**Background**

2. On March 17, 2009 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

3. Thereafter, Roy Babitt was appointed interim trustee by the United States Trustee (the "UST") pursuant to Bankruptcy Code § 701(a) and (c). The Trustee has since qualified and is serving as permanent trustee pursuant to Bankruptcy Code § 702 (d).

4. Upon application of the Trustee and by Order dated August 19, 2010, Windels Marx was retained as successor counsel to the Trustee effective August 2, 2010.

**Relief Requested**

4. The Trustee seeks Court approval, pursuant to Bankruptcy Code § 327(a) and Bankruptcy Rule 2014, to retain and employ Encore as his electronic data preservation and recovery consultant.

5. Pursuant to Bankruptcy Code § 327(a), the Trustee requests that the Court approve the retention of Encore under a general retainer, to perform services that will be necessary during the chapter 7 case in accordance with the Firm's normal hourly rates and policies in effect when the Firm renders the services or incurs the expenses.

6. The Trustee anticipates using Encore's services for one or more discrete electronic data assignments, and for each discrete assignment, the services to be performed, the estimated time to complete said services, the rate at which said services will be performed, and

the estimated cost of said services, will be set forth in an agreement between Encore and the Trustee. See, e.g., the work order attached as Exhibit A ("Work Order") and the Affidavit of James Ramsey, Vice President of Encore ("Ramsey Affidavit").

7. Prior counsel to the Trustee, Arent Fox, L.L.P., retained Encore to perform certain services in connection with Debtor's electronic data, and Encore performed those services in July and August 2009. The Trustee has determined that the continued assistance of Encore is necessary for the Trustee's administration of the Debtor's estate. Of critical importance at this time is the need to make sure that certain existing electronic data is preserved so that it can be accessed later if necessary, and the Encore services set forth in the Work Order are intended to accomplish this task.

8. The Trustee has determined that Encore's services and expertise are or may be needed to, among other things:

- Identify, inspect, assess the condition of, and inventory the servers and hard drives housing some portion or all of the Debtor's electronic documents and data.
- Assess any actions needed to preserve some portion or all of said electronic documents and data.
- Forensically collect and process some portion or all of said electronic documents and data.

9. The Trustee believes Encore to be well qualified and able to perform these services, and has selected Encore because of its sound reputation and broad experience in matters of this kind. As more fully set forth in the Ramsey Affidavit, Encore has expertise in the preservation and collection of electronic data and can assist the Trustee in these essential functions.

10. To the best of the Trustee's knowledge, neither Encore nor any of its employees has any connection with the Debtor, its creditors, or any party in interest or their respective attorneys or accountants, except as set forth in the Ramsey Affidavit.

11. To the best of the Trustee's knowledge, Encore does not represent or hold any interest adverse to the Debtor's estate in the matters upon which it is to be engaged, and is a disinterested party whose employment would be in the best interest of the Debtor's estate.

12. Encore requests that it be paid for services rendered, and reimbursed for actual and necessary expenses incurred in connection with such services, upon appropriate application to the Court in accordance with the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules of this Court.

13. No previous application for the relief requested herein has been made in this or any other court.

**WHEREFORE**, the Trustee respectfully requests that the Court enter the attached order under Bankruptcy Code § 327(a) and Bankruptcy Rule 2014 authorizing the Trustee to employ and retain Encore as his electronic data preservation and recovery consultant in this case, as of the date the order is entered, and granting such other relief as is just and proper.

Respectfully submitted,

Dated: New York, New York  
April 20, 2011

WINDELS MARX LANE & MITTENDORF, LLP  
*Successor Attorneys for the Chapter 7 Trustee*

/s/ Alan Nisselson  
Alan Nisselson (anisselson@windelsmarx.com)  
156 West 56th Street  
New York, New York 10019  
(212) 237-1000

Dated: New York, New York  
April 21, 2011

ROY BABITT, ESQ.  
*Chapter 7 Trustee*

/s/ Roy Babitt  
Roy Babitt (rbabitt@windelsmarx.com)  
156 West 56th Street  
New York, New York 10019  
(212) 237-1000

ENCORE DISCOVERY SOLUTIONS, INC.
*Proposed Electronic Data Preservation*
*and Recovery Consultant to the Chapter 7 Trustee*
5201 Great American Parkway, Suite 320
Santa Clara, CA 95404
James Ramsey

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>　　　　Morgan & Finnegan L.L.P.<br><br>　　　　　　　　　　　　　　　Debtor. | <u>Chapter 7</u><br><br>Case No. 09-11203 (RDD) |

**AFFIDAVIT OF JAMES RAMSEY IN SUPPORT OF THE TRUSTEE'S APPLICATION UNDER BANKRUPTCY CODE § 327(a) AND BANKRUPTCY RULE 2014 FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF ENCORE DISCOVERY SOLUTIONS, INC. AS ELECTRONIC DATA PRESERVATION AND RECOVERY CONSULTANT TO THE CHAPTER 7 TRUSTEE**

**STATE OF ARIZONA　　)**
**　　　　　　　　　　　) S.S.:**
**COUNTY OF MARICOPA )**

**I, JAMES RAMSEY**, being duly sworn, depose and state that the following is true to the best of my knowledge, information and belief:

　　　　1.　　I am a Vice President of Encore Discovery Solutions, Inc. ("Encore") which maintains its principal offices at 3255 E. Elmwood Street, Suite 110, Phoenix, Arizona 85034, and as such am fully familiar with the facts and circumstances set forth herein.

　　　　2.　　Encore has extensive familiarity with electronic data preservation and recovery and has an affiliate office in New York at 90 Park Avenue, 8th Floor, New York, NY 10016.

　　　　3.　　This affidavit is being submitted in connection with the application of the

{10635798:1}

Trustee to retain Encore as his electronic data preservation and recovery consultant (the "Trustee's Application").

4. I have reviewed a list of parties in interest as they are currently known and, to the best of my knowledge and belief, my firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, and has no interest, nor does it represent or will it represent any interest, adverse to the Debtor, creditors, parties-in-interest or their respective attorneys or accountants, except that in the course of its practice, Encore may have been retained in other matters in which some of the parties to this proceeding may have been parties.

5. Encore was retained by Arent Fox, LLP, former counsel to the Trustee, to image certain electronic data maintained at the Debtor's former offices, and Encore performed such services in July and August 2009.

6. The Trustee has now asked us to:

- Identify, inspect, assess the condition of, and inventory the servers and hard drives housing some portion or all of the Debtor's electronic documents and data.
- Assess any actions needed to preserve some portion or all of said electronic documents and data.
- Forensically collect and process some portion or all of said electronic documents and data.

7. Encore has set forth the initial services to be performed, the estimated time to complete said services, the rate at which said services will be performed, and the estimated cost of said services, in a work order between Encore and the Trustee, a copy of which is attached to the Trustee's Application as Exhibit A ("Work Order").

8.  The services to be rendered pursuant to the Work Order will be charged at the following rates:

| Title | Rate |
|---|---|
| Forensic consultant | $275.00 |

.  9.  Encore will enter into a separate work order with the Trustee for each additional project. Encore will charge its normal hourly rates for the type of work requested by the Trustee or his counsel. The current hourly rate for the Encore forensic consultants who would be assigned to such a project is $275.00.

10.  Encore will seek compensation for services rendered and reimbursement for actual and necessary expenses upon appropriate application to this court in accordance with the Bankruptcy Code, Bankruptcy Rules, fee guidelines, and the terms of any administrative procedures order entered in this case regarding the filing of applications for compensation.

.  11.  Encore acknowledges that it shall be paid only after proper application pursuant to 11 U.S.C. §§ 330. Encore further acknowledges that it will not be sharing fees with any other party or entity.

WHEREFORE, it is respectfully requested that an order be entered authorizing the retention of Encore to act as electronic data preservation and recovery consultant to the Trustee and the Estate.

/s/ James Ramsey
James Ramsey

Sworn before me this
 25th day of April 2011

/s/ Sheklon August Dance
Sheklon August Dance
Notary Public, State of California
No. 1880823
Qualified in Contra Costa County
Commission Expires February 22, 2012